| MICHAEL A. THOMPSON, | ) | |
|---|---|---|
| | ) | Davidson Chancery |
| Plaintiff/Appellant, | ) | No. 97-1388-I |
| | ) | |
| VS. | ) | |
| | ) | |
| TENNESSEE BOARD OF PAROLES, | ) | Appeal No. |
| et. al., | ) | 01A01-9710-CH-00572 |
| | ) | |
| Defendant/Appellee. | ) | |

FILED

June 5, 1998

Cecil W. Crowson
Appellate Court Clerk

## IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

### APPEAL FROM THE CHANCERY COURT OF DAVIDSON COUNTY
### AT NASHVILLE, TENNESSEE

### HONORABLE IRVIN H. KILCREASE, JR., CHANCELLOR

Michael A. Thompson, #131076
Turney Center Industrial Prison & Farm
Route 1, Unit 2B-103
Only, Tennessee 37140
PRO SE/PLAINTIFF/APPELLANT

John R. Miles, #013346
Counsel for the State
Cordell Hull Building, Second Floor
425 Fifth Avenue South
Nashville, Tennessee 37243-0488
ATTORNEYS FOR DEFENDANT/APPELLEE

**MODIFIED, AFFIRMED AND REMANDED.**

HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:
BEN H. CANTRELL, JUDGE
WILLIAM C. KOCH, JR., JUDGE

| MICHAEL A. THOMPSON, | ) | |
|---|---|---|
| | ) | **Davidson Chancery** |
| Plaintiff/Appellant, | ) | **No. 97-1388-I** |
| | ) | |
| VS. | ) | |
| | ) | |
| TENNESSEE BOARD OF PAROLES, | ) | **Appeal No.** |
| et. al., | ) | **01A01-9710-CH-00572** |
| | ) | |
| Defendant/Appellee. | ) | |

# O P I N I O N

Michael A. Thompson, a prisoner in the custody of Tennessee Department of Correction has appealed from a summary judgment dismissing his petition for certiorari for judicial review of a decision of the Tennessee Board of Paroles denying parole.

The appellant has presented five issues as follows:

A. Whether the appellant was denied his minimal due process rights to be heard only on the sentence he was eligible to be heard for parole on or from?

B. Whether the hearing officer committed significant procedural errors when he refused to continue the hearing - after the appellant advised him that he was not being heard on the sentence he was eligible to be paroled on or from?

C. Whether the Board of Paroles and its members committed significant procedural errors when they approved and/or modified the hearing officer's recommendations, in light of the fact that the appellant had raised the issue that he was not being heard on the sentence he was eligible to be paroled on or from?

D. Whether the Board of Paroles and/or its appointed designee, Joseph Stepbach, acted arbitrarily, illegally and fraudulently when they refused to address and/or hear the appellant's appeal and remand his parole eligibility hearing back to the hearing officer for a decision to be recommended only on the sentence the appellant was eligible to be heard for parole on?

E. Whether the decision rendered in Howell v. State, 569 S.W.2d 428 (Tenn. 1978) can benefit the State, when parole is violated on determinate consecutive sentences, to the prejudice of the parolee?

On October 5, 1989, appellant was convicted of two crimes, second degree murder and assault with intent to commit murder, and was sentenced to twenty years confinement for the former offense and twelve and one-half years for the latter offense, to be served consecutively, that is, a total of thirty-two and one-half years confinement.

On December 2, 1996, appellant's application for parole was heard by a hearing officer who recommended that the application be denied. On December 23, 1996, the Board denied the application, and, on January 17, 1997, appellant appealed to the Board on the ground that the hearing officer erred in considering his aggregate sentence of thirty-two and one-half years, when he should have considered only the twenty year sentence stated in the application for an "institutional parole" for the remaining twelve and one-half years. The appeal was denied by the Board, and the prisoner instituted the present judicial review.

The Trial Judge dismissed the petition for certiorari because the Criminal Sentencing Reform Act of 1982, T.C.A. Title 40, Chapter 35, § 40-35-112, under which appellant's eligibility for parole must be computed by adding together the eligibility period of each consecutive sentence. This Court agrees with the Trial Court that the act makes no distinction between a "custodial parole" and outright release from custody.

The foregoing disposes of the first four issues.

The fifth issue presents assumed future criminal acts of the appellant, and is considered moot.

The judgment of the Trial Court taxed "Lit Tax" costs to the petitioner. An affidavit of poverty does not excuse a litigant from paying all costs. The judgment of the Trial Court is modified to render judgment against the petitioner for all costs accrued in that Court and to award execution therefor. As modified, said judgment is affirmed. Costs of this appeal are taxed

against the appellant. The cause is remanded to the Trial Court for further proceedings consistent with this opinion.

**MODIFIED, AFFIRMED AND REMANDED**.

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:


_____
BEN H. CANTRELL, JUDGE


_____
WILLIAM C. KOCH, JR., JUDGE